# IN THE UNITED STATE DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT J. SOLLAZZO <br> 1008 Wampum Road <br> Ellwood City, PA   16117 <br><br> Plaintiff, <br><br> vs. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY <br><br> Serve: <br><br><br> Defendant. | Case No.    20-1902 |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Albert J. Sollazzo, by and through counsel, Justin R. Lewis, sues Norfolk Southern Railway Company, and as causes of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Albert J. Sollazzo is a citizen of Pennsylvania.

2. Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), is a railroad corporation and common carrier for hire organized under the laws of Virginia, with its principal place of business in Norfolk, Virginia, and doing business through the eastern states of the United States, including Pennsylvania, and engaging as an interstate carrier of freight for hire into and from the various states.

3. This Court has original federal question subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331 and the Federal Employers' Liability Act, 45 U.S.C. §51, et seq. ("FELA").

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b)(2) inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in Pennsylvania, and 28 U.S.C. §1391 (b)(2) inasmuch as Norfolk Southern's principal place of business is in Virginia, and is doing business throughout the eastern states, including Pennsylvania, and engaging in carrying freight for hire between and through various states in the eastern portion of the United States.

## COUNT 1 – VIOLATION OF THE FELA

5. The Plaintiff's action arises under the Federal Employers' Liability Act, 45 U.S.C. §51, et seq. ("FELA").

6. At all times herein mentioned, the Plaintiff and the Defendant were engaged in interstate commerce; all trackage, cars, equipment and premises involved were under the control of the Defendant.

7. On or about the 29th day of June, 2019, the Plaintiff, while in the employ of the Defendant as a Conductor, sustained severe injuries.

8. On that date, the Plaintiff was performing his duties on the subject date, in the dark, when he was struck from behind by an assailant. The Plaintiff fell to the ground and landed face down and regained consciousness about ten minutes later. When he regained consciousness, the Plaintiff noted that his wallet had been take and he immediately felt pain in his left shoulder and had scrapes and bruises over his entire body. The Plaintiff was taken by ambulance to the hospital.

9. Prior to this incident, there had been at least two other employees of the Defendant who had been assaulted in that same area. It was known, or shoulder have been known, to the Defendant's employees that the area where the incident took place was frequented by drug

dealers, addicts and homeless persons. After this incident occurred, the Defendant no longer allows train crews in this area at night and it is believed to have taken other measures to protect the safety of its employees required to work in the area.

10. Defendant owed Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform his work.

11. Defendant breached its duty to provide the Plaintiff with a reasonably safe place to work in that:

(a) It failed to use reasonable care to furnish Plaintiff with a reasonably safe place in which to work;

(b) It failed to provide proper security in the area where the Plaintiff was required to work;

(c) It failed to warn the Plaintiff of dangers presented in the area where he was required to work;

(d) It failed to utilize sufficient and appropriate security procedures for the area where Plaintiff was injured;

(e) It failed to provide a sufficient and appropriate security perimeter around the area where Plaintiff was injured;

(f) It negligently required Plaintiff to work without assistance at a time and place when it knew or should have known it was placing Plaintiff in danger;

(g) It failed to provide sufficient lighting in the area Plaintiff was required to work; and

(h) It was otherwise careless, reckless and negligent.

12. As a result of the said occurrence, the Plaintiff was seriously, painfully and permanently injured about the head, body and limbs, resulting in injuries to his left shoulder, post-traumatic stress disorder and psychological problems, all of which have required hospital and medical care. It is probable that further medical care will be required in the future. He has sustained substantial and continuing pain, suffering, agony and mental anguish in the past, present and probably will continue to sustain the same far into the future, and has further sustained a permanent disability to his left shoulder and psychological problems as a result of his injuries.

13. Prior to his injuries, the Plaintiff was a strong, able-bodied man, is presently 53 years of age, was earning between Eighty Five Thousand Dollars ($85,000.00) and Ninety Thousand Dollars ($90,000.00) per year as a Conductor, but by reason of his injuries, he has been unable to return to his position with the Defendant and has been required to obtain alternative employment, making considerably less wages; he has incurred and will incur in the future, medical expenses for treatment of his injuries.

WHEREFORE, the Plaintiff, Albert J. Sollazzo, demands judgment against the Defendant, Norfolk Southern Railway Company, in an amount to be determined by the Jury, together with interest and costs.

ALBERT J. SOLLAZZO

By his Attorneys,


  /s/ Justin R. Lewis
JUSTIN R. LEWIS
Law Offices of Justin R. Lewis, PLLC
50 North Park Road, 1st Floor
Pittsburgh, PA  15229
(412) 415-0370
justin@jlewlaw.com


TO BE ADMITTED PRO HAC VICE

P. Matthew Darby, Esquire
H. David Leibensperger, Esquire
Berman, Sobin, Gross, Feldman & Darby
1301 York Road, Suite 600
Lutherville, Maryland  21093
(410) 769-5400
pmdarby@bsgfdlaw.com
hdavid@bsgfdlaw.com


## **REQUEST FOR JURY TRIAL**

Plaintiff, Albert J. Sollazzo, by and through the undersigned counsel, requests a jury trial on all issues presented herein.


  /s/ Justin R. Lewis
JUSTIN R. LEWIS